IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO SALDANA, | ) | |
|     MOVANT, | ) | |
| | ) | 3:03-CR-0355-M (07) |
| v. | ) | 3:05-CV-0784-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     RESPONDENT. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

On October 8, 2003, Movant was charged with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On December 19, 2003, Movant pled guilty. On March 26, 2004, the Court sentenced Movant to 46 months confinement and five years of supervised release. Movant did not file an appeal.

On April 18, 2005, Movant filed this motion pursuant to 28 U.S.C. § 2255. Movant argues he received ineffective assistance of counsel because counsel failed to move for a sentence reduction based upon Movant's minor role in the offense. On July 25, 2005, Respondent filed its response. The Court now finds the motion should be dismissed.

**II.  Discussion**

**1.	Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final.  *See* 28 U.S.C. § 2255 (1).  Movant's final judgment was entered on April 2, 2004.  His conviction became final ten days later on April 16, 2004.  *See* Fed. R. App. P. 4(b)(1)(A)(I).  Movant then had one year, or until April 16, 2005, to file his § 2255 motion.  Movant did not file his motion until April 18, 2005.[1]  His motion is therefore untimely.

Further, to the extent that Petitioner argues his motion is timely under 28 U.S.C.

---

[1] Movant concedes that his motion is untimely.  (Pet. at 2, 3).  Although the certificate of service is dated April 15, 2005, the petition is dated April 18, 2005.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding pro se habeas petition is filed when papers are delivered to prison authorities for mailing).

§ 2255 (3), his motion fails.  Petitioner argues his conviction is unlawful under the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004).  Movant argues he filed his petition within one year of the *Blakely* decision.  Neither the Supreme Court, nor the Fifth Circuit, however, have held that the *Blakely* decision is retroactive.  The opinion itself did not suggest that its holding would apply retroactively.  *See generally Blakely*, 542 U.S. at 413-419.  Petitioner has therefore failed to show that his motion is timely.

**2.       Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Movant argues he could not timely file his § 2255 motion because he has not received his entire file from his trial attorney.  (Pet. at 2).  Movant, however, filed this motion without receiving his entire file, so it is unclear how this prevented Movant from timely filing his motion.  Further, Movant has provided no explanation as to how the lack of his entire file prevented him from timely filing his motion.

Movant has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case. His § 2255 motion should therefore be dismissed as barred by the one-year statute of limitations.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed September 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE